CLARKE ET, PLAINTIFFS-APPELLEES, *v.* ROCKWOOD & CO.,
DEFENDANTS-APPELLANTS.

No. 709.   Decided March 16, 1961.

438

*Per Curiam.* In our original decision rendered in this cause we held that the trial court had abused its discretion in fixing the rate of interest to be allowed to the dissenting shareholders on the fair cash value of their stock certificates. We stated in the opinion that "In a matter of this kind this Court is without authority to render final judgment. We may only suggest a remittitur of four per cent of the interest."

Upon further consideration, we are now of the opinion that, under the circumstances, as shown by the record, we do have authority to modify the judgment of the trial Court. Section 1701.85, Revised Code, which prescribes the procedure in a case of this kind, specifically provides:

"Such a proceeding shall be a special proceeding within the meaning of Section 2505.02, Revised Code, and final orders therein may be vacated, modified, or reversed, as provided in Sections 2505.01 to 2505.45, inclusive, Revised Code."

Section 2505.27, Revised Code, reads:

"A judgment rendered or final order made by a Court of Common Pleas, a probate Court, or by any other court of records, or by a judge of any such courts, may be reversed, vacated or modified for errors appearing on the record, upon an appeal on questions of law, by a Court of Appeals having jurisdiction in the county wherein such Court of record is located." See 4 Ohio Jurisprudence, 580.

The undisputed facts relating to the dividends on the stock certificates as stated in our original opinion are before the Court in a bill of exceptions.

Therefore, instead of suggesting a remittitur of four per cent of the interest awarded by the trial court, the judgment of the trial court awarding interest on the fair cash value of the stock certificates at the rate of six per cent per annum will be modified and reduced to the rate of two per cent per annum beginning on December 10, 1956, and continuing at the same rate until the plaintiffs-appellees have been paid the value of their stock certificates as determined in this proceeding.

An entry may be prepared accordingly.

RADCLIFF and COLLIER, JJ., concur.
BROWN, J., not participating.